**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

FELECIA VEASLEY                                                                                       PLAINTIFF

v.                                          No. 4:10CV00124 JLH

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                                                          DEFENDANT

**ORDER**

Felecia Veasley has filed a motion to compel in which she asks the Court to compel Allstate Property and Casualty Insurance Company to provide in response to discovery Allstate's entire claims file. Allstate produced to Veasley a claims diary up until February 26, 2009. On that date, Allstate transferred the investigation to its Special Investigations Unit. Allstate contends that its records thereafter are protected by the work product doctrine because its investigation was conducted in anticipation of litigation. The Court ordered Allstate to provide its claims file for *in camera* review, and Allstate has complied.

Allstate has produced a 54-page document that appears to be a computer printout. The document is entitled "Claim History Report." The claim history report contains entries beginning on February 12, 2009, and continuing through June 7, 2010. Shortly after 1:00 p.m. on February 26, 2009, a person with Allstate made two entries in light of which a reasonable person would expect litigation to ensue regarding the claim. Therefore, documents prepared thereafter are protected by the work product doctrine. *Schipp v. General Motors Corp.*, 457 F. Supp. 2d 917, 924 (E.D. Ark. 2006). Documents covered by the work product doctrine can be discovered, however, if a party shows a substantial need for the documents and an inability to obtain a substantial equivalent of the information contained in those documents without undue hardship. After reviewing the claim

history report as a whole, the Court does not believe that it contains any information for which Veasley has a substantial need and for which a substantial equivalent is unavailable through ordinary means of investigation and discovery. Therefore, the motion to compel is DENIED. Document #17.

The Court will seal the document provided for *in camera* review by counsel for Allstate and direct the Clerk to maintain it as a sealed record in this case in the event that a court on appeal needs to review it.

IT IS SO ORDERED this 8th day of December, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE