**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

FELICIA VEASLEY                                                                                            PLAINTIFF

v.                                             No. 4:10CV00124 JLH

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                                              DEFENDANT

**ORDER**

Both parties have filed motions *in limine* in advance of trial.  The Court will first take up Felicia Veasley's motion *in limine*.

Veasley first requests that the Court exclude evidence of a petition that she signed on June 21, 2007, seeking an order of protection against her husband, Robert Veasley, as well as an order stating that Felicia Veasley failed to appear for hearings, so the petition was dismissed without prejudice.  Allstate argues that evidence of the relationship between Felicia Veasley and Robert Veasley is relevant, but the Court cannot see any relevance to these orders in a domestic matter that predate the fire by one and a half years.  Therefore, the motion *in limine* is granted with respect to the petition seeking an order of protection and the order dismissing the petition without prejudice.

Felicia Veasley next asks the Court to exclude any evidence or suggestion that Robert Veasley or any other non-insured person set the fire unless Allstate also provides evidence that any such person did so at Felicia Veasley's direction.  That motion is denied.  How the fire started, whether it was arson, and, if so, who started the fire are all issues for the jury to decide, and evidence tending to establish the facts as to any of those issues is relevant evidence and therefore admissible. Whether that evidence is sufficient to establish Allstate's defense is a separate issue that can be

addressed in a motion for judgment as a matter of law or in arguments to the jury but does not go to the admissibility of the evidence.

Felicia Veasley next asks the Court to exclude hearsay evidence regarding statements made by Little Rock Fire Captain Gary Jones about the cause of the fire. That motion is granted. What Captain Jones said about the cause of the fire outside the courtroom when he was not under oath is hearsay, and there is no exception to the hearsay rule under which his out-of-court statements would come into evidence. Allstate says that Jones will be available to testify. If so, he may (and the Court is not ruling on that issue at this time) be able to testify regarding his observations and conclusions with respect to the fire at issue, but he cannot testify regarding what he said at some other time unless the plaintiff opens the door to that testimony.

Felicia Veasley next moves to exclude testimony by Allstate's expert forensic scientist, Dennis Akin, regarding matters outside of his report. It is not apparent that Akin will testify to any matters outside his report, so that portion of the motion *in limine* is denied as premature.

Felicia Veasley next moves to exclude a portion of the report by Allstate's electrical engineering expert, Tony Bishop, saying "The clothes dryer was reported to be 'off' at the time of the fire." Allstate responds that Felicia Veasley has made several statements regarding whether the dryer was operating, and in the course of one of those statements said that the dryer was not operating at the time. If Bishop has seen or heard a statement by Felicia Veasley that the dryer was not operating, then he may testify that he saw or heard Felicia Veasley make such a statement. If he is relying on what someone else said that Veasley said, he cannot offer that to prove the truth of the matter asserted, but the other person's statement *may* be admissible to show the basis for Bishop's ultimate opinions. *See* Fed. R. Evid. 703. Because the Court does not know the source of the

statement in Bishop's report nor the reason why that statement is in his report, the Court cannot rule upon the admissibility of that statement at this time. Therefore, the motion *in limine* is denied as to that portion of Bishop's report.

Felicia Veasley next moves to exclude evidence of a bankruptcy petition that she filed in 1989. Allstate says that it agrees that the bankruptcy petition is not admissible unless the plaintiff opens the door to its admissibility. The motion *in limine* is therefore granted with respect to the 1989 bankruptcy petition.

Finally, Felicia Veasley asks the Court to exclude evidence that Allstate made a payment to the lender, Wells Fargo Home Mortgage, ostensibly representing the balance on Felicia Veasley's house mortgage, after the fire. She says that she continues to make mortgage payments, apparently through her bankruptcy plan. Allstate says that it issued a draft for $56,702.72 to Wells Fargo Bank in return for Wells Fargo Bank's interest in the subject property and did so pursuant to a provision in the policy at issue. It appears to the Court that that payment is relevant with respect to whether Allstate has complied with the terms of the policy and is relevant on the issue of damages. Veasley says that she is still making payments on her mortgage, but now those payments go to Allstate rather than Wells Fargo. The jury can consider all of that evidence on the issue of damages. Therefore, Felicia Veasley's motion *in limine* is denied on this issue.

Allstate has also filed a motion *in limine*. Allstate first asks the Court to exclude evidence that Felicia Veasley has not been arrested, indicted, nor convicted for insurance fraud or arson, nor has anyone else, relating to the fire in question. Felicia Veasley has agreed that that evidence is not relevant and says that if the matter arises at trial, her lawyers will request a ruling on admissibility at that time. Without objection, the motion *in limine* on that issue is granted.

Allstate also moves to exclude any evidence or questioning of witnesses regarding the production of documents in discovery, rulings relating to discovery, or any documents excluded by the Court. Veasley objects on the grounds that that portion of the motion *in limine* does not specify any particular item of evidence that Allstate seeks to exclude. Veasley contends that the motion is too general to be addressed in a motion *in limine*. The Court agrees. That portion of the motion *in limine* is denied.

For the reasons stated, Felicia Veasley's motion *in limine* is GRANTED IN PART and DENIED IN PART. Document #47. Allstate's motion *in limine* is GRANTED IN PART and DENIED IN PART. Document #48.

IT IS SO ORDERED this 3rd day of March, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE